IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAYMOND JOSEPH GARCIA, | ) | No. C 05-2292 JSW (PR) |
| Petitioner, | ) | |
| vs. | ) | **ORDER TO SHOW CAUSE AND GRANTING LEAVE TO PROCEED** *IN FORMA PAUPERIS* |
| J. BROWN, Warden, | ) | |
| Respondent. | ) | (Docket no. 2) |

## INTRODUCTION

Petitioner, a prisoner of the State of California currently incarcerated at San Quentin State Prison, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner's application to proceed in forma pauperis (docket no. 2) is GRANTED. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted of robbery and assault in Santa Clara Superior Court and ultimately sentenced to a term of five years on December 5, 2003. Petitioner filed the instant petition on June 6, 2005.

## DISCUSSION

I    <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II      Legal Claims

The petition raises the following grounds for relief: (1) jury instruction error as to Petitioner's possession of recently stolen property and as to flight as evidence of guilt; and (2) denial of right to jury trial or standard of proof beyond a reasonable doubt at sentencing. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

Furthermore, Petitioner has named as a respondent the People of the State of California, in addition to Warden J. Brown. The proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). A custodian "'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner.'" *Id.* (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)). "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Therefore, the People of the State of California are hereby DISMISSED from this action.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's application to proceed *in forma pauperis* is granted (docket no. 2).

2. The Respondent named People of the State of California is DISMISSED from this action.

3. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General

2

of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

4. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

6. It is Petitioner's responsibility to prosecute this case.  Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)

IT IS SO ORDERED.

DATED: November 23, 2005

JEFFREY S. WHITE
United States District Judge